UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan Eli Hittle,

       Petitioner,

Case Number: 21-cv-10905
Honorable Paul D. Borman

v.

John Christiansen,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This matter is before the Court on Ryan Eli Hittle's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 15.) At the time he filed his petition, Petitioner was in the custody of the Michigan Department of Corrections.[1] Petitioner challenges his conviction for possession of methamphetamine, Mich. Comp. Laws § 333.7403(2)(b)(i). He raises four claims for relief.

---

[1] Petitioner has since been discharged from custody. His discharge does not defeat § 2254's "in custody" requirement because the requirement is satisfied as long as a petitioner was incarcerated at the time a petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

For the reasons discussed, the Court denies the petition and denies a certificate of appealability. The Court grants Petitioner leave to proceed *in forma pauperis* on appeal.

## I. Background

While serving a term of parole for another offense, Petitioner was charged in Kalkaska County Circuit Court as a fourth habitual offender with conspiracy to deliver methamphetamine and possession of methamphetamine. On January 8, 2019, Petitioner pleaded no contest to possession of methamphetamine as a fourth-offense habitual offender. In exchange for the plea, the prosecutor dismissed the conspiracy charge and agreed to recommend a minimum sentence of three years. On February 5, 2019, Plaintiff was sentenced to 3 to 50 years' imprisonment.

He filed an application for leave to appeal in the Michigan Court of Appeals raising a single claim: the trial court abused its discretion in scoring offense variable 12. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." *See People v. Hittle*, No. 348448 (Mich. Ct. App. May 22, 2019). Petitioner filed a motion for reconsideration along with a *pro se* brief raising three additional claims. The Michigan Court of Appeals denied the motion. *People v. Hittle*, No. 348448 (Mich. Ct. App. July 2, 2019). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which the court denied. *People v. Hittle*, 504 Mich. 1001 (Mich. Oct. 29, 2019).

2

Petitioner returned to the trial court to file a motion for relief from judgment. He raised these claims: (i) appellate counsel provided ineffective assistance; (ii) there was a defect in the plea taking process; and (iii) the trial court erred in denying a motion to suppress. The trial court denied the motion. *See* 1/29/2020 Order, Kalkaska County Cir. Ct. (ECF No. 12-12). The Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People v. Hittle*, No. 352784 (Mich. Ct. App. June 25, 2020), as did the Michigan Supreme Court. *People v. Hittle*, 507 Mich. 868 (Mich. Feb. 2, 2021).

Petitioner then filed this petition for a writ of habeas corpus. He raises these claims:

> I. Hittle's nolo contendre plea contained a 'defect' in the plea taking process which requires he be afforded the relief permitted in MCR 6.310(C), including the setting aside of his plea.
>
> II. The trial court abused its discretion and clearly erred in assessing 5 points under OV 12 – contemporaneous felonious criminal acts – in determining that contemporaneous felonious criminal acts allegedly occurred.
>
> III. The trial court erred by denying Hittle's motion to suppress by finding he was still on parole at the time of the warrantless search and by finding that the search was of his property.
>
> IV. Appellate counsel provided ineffective assistance of counsel when he failed to file the issues contained herein in Hittle's direct appeal and failed to notify Hittle of the submission date.

Respondent filed an answer maintaining that Petitioner's first and third claims are procedurally defaulted and that all his claims are meritless. (ECF No. 11.) The

3

Court finds it unnecessary to address the procedural question, because it is not a jurisdictional bar to review of the merits, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The procedural defense will not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

## II. Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). Under § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

### III. Discussion

#### A. Voluntariness of Plea

In his first claim, Petitioner maintains that he should be permitted to withdraw his plea because the trial court failed to advise him that, by entering a plea, he would waive his right to an appeal and would be subjected to mandatory consecutive

5

sentencing. He asserts that this failure violated Michigan Court Rule 6.302(B) and rendered his plea involuntary.

Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass the reexamination of state-court determinations of state-law issues. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Habeas relief is not available to correct the state court's alleged violation of Mich. Ct. R. 6.302(B).

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Haring v. Prosise*, 462 U.S. 306, 219-20 (1983). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Brady*, 397 U.S. 742, 748 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A plea "entered by one fully aware of the direct consequences" is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id*. at 755, 757 (quotation omitted).

Petitioner argues that he did not understand that his sentence would run consecutively to the offense for which he was on parole. The Supreme Court has

6

never held that the possibility of consecutive sentencing is a consequence that must be disclosed to render a sentence knowing and voluntary. The Sixth Circuit has held on multiple occasions that the Due Process Clause does not require a court to inform a defendant that his sentences will run consecutively. *See United States v. Gaskin*, 587 F. App'x. 290, 291 (6th Cir. 2014) ("'[T]here is no requirement ... that the court explicitly admonish a defendant that a sentence may be imposed consecutively.'") (quoting *United States v. Ospina*, 18 F.3d 1332, 1334 (6th Cir. 1994)). *See also United States v. Green*, 608 F. App'x 383, 385 (6th Cir. 2015) (holding that a district court need not explicitly inform a defendant that sentences may run consecutively "to ensure that a defendant's plea is knowing and voluntary") (citing *Ospina*, 18 F.3d at 1334). Further, although the plea agreement placed on the record in the instant case did not disclose the possibility of consecutive sentences, it was "not impl[ied] in any way that the sentences would run concurrently." *Gaskin*, 587 F. App'x at 298. Petitioner is not entitled to habeas relief on this claim.

Petitioner also asserts that his plea was rendered involuntary because the trial court did not advise him that, by entering a plea, he waived his right to appeal and, instead would have to seek leave to appeal in the Michigan Court of Appeals. As discussed, the Constitution requires that a defendant be informed of the direct consequences of his plea. *Brady*, 397 U.S. at 755. Petitioner has not identified any Supreme Court case suggesting that a defendant must be advised that an appeal from

7

a plea-based conviction is by leave rather than by right and the Court is aware of none. *Thomas v. Burt*, No. 22-1802, 2023 WL 5447379, at *10 (6th Cir. Aug. 24, 2023). Because no Supreme Court decision requires that a defendant must be so advised for a plea to be voluntary, the Court finds that Petitioner's plea was not rendered involuntary by the omission.

### B. Sentencing Claim

In his second claim, Petitioner argues that the trial court incorrectly scored offense variable (OV) 12. Petitioner raised this claim on direct review. The Michigan Court of Appeals denied leave to appeal for lack of merit in a one-sentence summary order. *People v. Hittle*, No. 348448 (Mich. Ct. App. May 22, 2019). This type of summary order is presumed to be an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Petitioner offers no basis for rebutting that presumption and the Court finds none. The Court applies AEDPA's deferential standard of review to the state court's decision.

Petitioner has failed to show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, federal law. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law." *Estelle*, 502

8

U.S. at 67. Petitioner's claim that the trial court erred when it scored OV 12 is not cognizable on federal habeas review.

Petitioner also claims that his sentence was based on inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or on "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information and that it was, in fact, inaccurate. *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007). Petitioner fails to make such a showing. His sentencing hearing provided Petitioner with an opportunity to contest the scoring of the guidelines and the sentencing decision. He also raised the sentencing issue on direct appeal. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence and he was afforded all the process he was due. Habeas relief is not warranted on this claim.

### C. Motion to Suppress

Petitioner next claims that the trial court erred by denying his motion to suppress evidence. An unconditional guilty or no contest plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Id.* at 267. Thus, Petitioner's claim that the trial court erred in denying his motion to suppress was waived by his no contest plea.

Moreover, even if Petitioner had not waived this claim, habeas relief is not available. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Petitioner has not shown that presentation of this claim was frustrated by a failure of this mechanism. The claim is therefore barred from federal habeas review.

### D. Ineffective Assistance of Appellate Counsel

Lastly, Petitioner argues that appellate counsel was ineffective for failing to raise his first and third claims on direct review. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Petitioners are not entitled to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). According to the Supreme Court:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... [n]othing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.

As addressed above, the claims Petitioner wanted raised on appeal lack merit. Appellate counsel, therefore, was not ineffective in failing to raise them. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) ("[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues.").

### IV. Certificate of Appealability and *In Forma Pauperis*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the

11

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that relief is unwarranted. Therefore, the Court denies a certificate of appealability.

The standard for granting a petitioner leave to proceed *in forma pauperis* on appeal is less strict than the standard for granting a certificate of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate the Court's resolution of the petition, an appeal could be taken in good faith. Therefore, Petitioner may proceed *in forma pauperis* on appeal.

### V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is **DENIED**. The Court also **DENIES** a certificate of appealability.

The Court finds Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

                                                s/ Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: May 29, 2024